THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BROTHERHOOD OF LOCOMOTIVE ENGINEERS AND TRAINMEN, GENERAL COMMITTEE OF ADJUSTMENT CENTRAL REGION. et al., | ) ) ) ) ) ) | Case No. 1:08-cv-3591 |
| Plaintiff, | ) ) | JUDGE ANDERSEN |
| vs. | ) ) ) | MAGISTRATE JUDGE MASON |
| UNION PACIFIC RAILROAD COMPANY, | ) ) ) ) | |
| Defendant. | | |

**DEFENDANT'S MOTION TO REASSIGN TO JUDGE LINDBERG**
**PURSUANT TO LOCAL RULE 40.3(b)(2)**

NOW COMES defendant, Union Pacific Railroad Company ("Union Pacific"), by and through its attorney, Thomas W. Cushing, and hereby requests entry of an order by this Court pursuant to Local Rule 40.3(b)(2) reassigning this case to the Honorable George W. Lindberg. In support thereof, defendant states as follows:

1. This case was filed by plaintiff Brotherhood of Locomotive Engineers and Trainmen, General Committee of Adjustment Central Region ("BLET") on June 23, 2008. In its complaint, the BLET claims that Union Pacific's Family and Medical Leave Act policy and the revised methodology Union Pacific employs to calculate the amount of leave due to employees (revised effective January 1, 2008), violate the Family and Medical Leave Act ("FMLA"), codified in part at 29 U.S.C.§ 2615, and applicable federal regulations.

2. Nearly identical claims, and others, were asserted by the BLET against Union Pacific in this very court in the complaint filed in Case No. 1:07cv160 and filed on January 10, 2007. In Case No. 1:07cv160, the BLET challenged Union Pacific's Family and Medical Leave Act policy, specifically including the methodology Union Pacific used in 2007 to calculate the amount of leave due to employees, as violating the Family and Medical Leave Act, codified at 29 U.S.C.§§ 2615, and applicable federal regulations. Judge Lindberg determined that Union Pacific's methodology for calculating the amount of leave due to employees should be based on hours, rather than on "starts." See, Judge Lindberg's Order dated October 17, 2007 in 1:07cv160. In response to that determination, Union Pacific altered its methodology for calculating the amount of leave due to employees by relying on hours rather than starts.

3. Union Pacific filed a motion for summary judgment in Case No. 1:07cv160, seeking a conclusion that Union Pacific's 2008 methodology based on hours was lawful and consistent with the FMLA and federal regulations. Judge Lindberg denied the motion, concluding that the motion sought an advisory opinion because the propriety of the 2008 methodology was not the subject of any claim before him. See Judge Lindberg's Order dated April 17, 2008 in Case No. 1:07cv160. The BLET's oral motion to amend the complaint out of time to add a new claim challenging the 2008 methodology was denied.

4. BLET's complaint filed in Case No. 1:08cv3591, involves the same parties, same attorneys, and relates to the same subject matter as was presented in 1:07cv160. Both complaints challenge the lawfulness of Union Pacific's FMLA policy and Union Pacific's method for calculating the amount of leave that employees are entitled to receive under the FMLA.

5. Local Rule 40.3(b)(2) provides as follows:

> 2. Re-filing of Cases Previously Dismissed. When a case is dismissed with prejudice or without, and a second case is

filed involving the same parties and relating to the same subject matter, the second case shall be assigned to the judge to whom the first case was assigned. The designation sheet presented at the time the second case is filed shall indicate the number of the earlier case and the name of the judge to whom it was assigned.

6. Judge Lindberg has retained jurisdiction over portions of Case No. 1:07cv160 that the parties are mediating, and perhaps will eventually arbitrate.

7. The purposes of the Federal Rules of Civil Procedure, "to secure the just, speedy and inexpensive determination of every action and proceeding" will be served by the reassignment of this case to Judge Lindberg because Judge Lindberg already has a thorough understanding of the procedural and factual background of the parties' dispute.

8. For these reasons, and pursuant to Local Rule 40.3(b)(2), defendant Union Pacific respectfully requests entry of an order by this Court reassigning this case to the Honorable George W. Lindberg.

Respectfully submitted,

UNION PACIFIC RAILROAD COMPANY

s/Thomas W. Cushing, # 06196697
Union Pacific Railroad Company
101 North Wacker Drive
Room 1920
Chicago, IL 60606
Tel: 312/777-2053
Fax: 312/777-2065

Patricia O. Kiscoan
Union Pacific Railroad Company
1400 Douglas Street, #1580
Omaha, NE 68179
Tel: 402/544-6302