IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BROTHERHOOD OF LOCOMOTIVE ENGINEERS AND TRAINMEN, GENERAL COMMITTEE OF ADJUSTMENT, CENTRAL REGION, <br> Plaintiff, <br> v. <br> UNION PACIFIC RAILROAD COMPANY, <br> Defendant. | Case No. 08 C 3591 <br><br> Hon. George W. Lindberg |

## MEMORANDUM OPINION AND ORDER

Before the Court are the parties' cross-motions for summary judgment. For the reasons set forth more fully below, Defendant Union Pacific Railroad Company's ("Union Pacific") motion for summary judgment on plaintiff's second amended complaint ("complaint") is granted in part. Plaintiff Brotherhood of Locomotive Engineers and Trainmen, General Committee of Adjustment, Central Region's ("BLET") motion for summary judgment is denied.

This case involves the most recent iteration of a long-standing dispute between the parties regarding Union Pacific's method for calculating through-freight locomotive engineers' ("engineers") eligibility for leave and the amount of available leave time under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601. This Court handled a past dispute between these parties regarding the calculation of FMLA leave. *See Brotherhood of Locomotive Engineers v. Union Pacific*, Case No. 07 C 160 (J. Lindberg). Since the inception of the 2007 case, the parties have worked, within the confines of the parties' collective bargaining agreement,

to reach a compromise regarding their disagreements over the application of the FMLA to the engineers. The parties have made progress and narrowed their disagreement to a single issue addressed below.

## I. *Relevant Facts*

The parties and the Court are well-versed on the factual background of this case, so an extensive recitation of the underlying facts is not necessary. All relevant facts are undisputed unless specifically noted below. BLET did not file a response to Union Pacific's Rule 56.1 statement of undisputed facts, so Union Pacific's facts are deemed admitted. Union Pacific and its engineers operate under a collective bargaining agreement, executed under the provisions of the Railway Labor Act, 45 U.S.C. § 151 *et seq*. Many of the terms of the engineers' employment are governed by that agreement, including pay which is by the mile, not the hour, or day. The agreement also provides that engineers may receive pay for each hour, after an agreed upon number of hours, spent at an away from home terminal. That pay is called "held away" pay.

Union Pacific's Crew Management Services ("CMS") Department administratively manages the schedules of Union Pacific's engineers using a computerized system (the "CMS system"). The engineers are always assigned some type of "status" within the CMS system. There are various status types. "OK" is a status used to indicate that an engineer is ready and available for work.

Union Pacific considers an engineer's time spent in the following statuses as "working hours" for purposes of calculating eligibility for FMLA leave and available FMLA leave: (1) time spent on duty, including deadhead time and limbo time; (2) time spent in mandatory classes, or acting as a peer trainer; (3) paid time spent in "OS" status; and (4) time spent in company

officer status. Union Pacific does not consider OK status, rest time, or time spent at an away from home terminal as "working hours" for FMLA purposes. The BLET argues that all time spent in OK status at away from home terminals, both paid and unpaid, should be considered "working hours" for FMLA purposes.

Under Union Pacific's current FMLA leave calculation methodology, Union Pacific determines an employee's "normal workweek" by (1) determining the number of hours worked in the 52-week period proceeding the first FMLA leave request, including the adding-back of any leave taken, then dividing by 52 weeks to get an average number of hours worked in a week, and then (2) multiplying by 12 weeks. The parties agree that this is the correct methodology for calculating available leave.

One of the realities of a job as a through-freight locomotive engineer is spending time, including overnight stays, on the road near the railroad's various away from home terminals. While on OK status at away from home terminals, the engineers are not required to stay at the terminals, or at housing provided by Union Pacific. It is undisputed that the engineers are free to engage in a wide variety of leisure activities and can use their time as they choose, with limited exceptions. Engineers cannot consume alcohol or various drugs, and they must be able to report to work on 1.5 to 3 hours of notice. Being able to report to work includes being rested enough to properly operate a train. Engineers are subject to and can be disciplined for violating certain rules of conduct, but neither party included a list of those rules as an attachment to their summary judgment submissions.

Union Pacific has reduced the engineers' uncertainty about when they will be required to report for duty by creating an automated train lineup system. Engineers can use the internet or a

telephone to check the train lineup system. That system provides engineers with estimates of when they might be required for duty. Subject to the foregoing limitations, while in OK status near away from home terminals, engineers are free to, among other things, eat, sleep, golf, fish, boat, exercise, shop, go to the movies, and visit friends.

## II. *Legal Analysis*

To succeed on a motion for summary judgment, the moving party must show that the pleadings, depositions, answers to interrogatories, and admissions on file, together with any admissible affidavits do not create a genuine issue of material fact and that it is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In considering these cross-motions for summary judgment, the Court must construe all facts in the light most favorable to the non-moving party and must view all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

The sole legal issue before the Court is whether Union Pacific is required to count the time its engineers spend in OK status near away from home terminals as hours worked for purposes of calculating eligibility for FMLA leave and available leave time under the FMLA. The BLET argues that those hours should be counted, while Union Pacific contends that they should not be considered hours worked. This Court agrees with Union Pacific.

Congress passed the FMLA in 1993. Thereafter, at the direction of Congress, the Department of Labor issued implementing regulations regarding the FMLA. *See* 29 U.S.C. § 2654; 29 C.F.R. § 825.100 *et seq*. Section 825.110 of the FMLA regulations gives guidance as to the definition of "hours worked." Section 825.110 states that "hours of service is determined according to the principles established under the Fair Labor Standards Act [("FLSA")]for

determining compensable hours of work." 29 C.F.R. § 825.110. In *Skidmore*, the Supreme Court provided guidance for determining whether an employee's time constitutes working time under the FLSA. *Skidmore v. Swift & Co.*, 323 U.S. 134, 137 (1944). The test for what time constitutes "work" involves considering whether the time was spent "predominantly for the employer's benefit or for the employee's." *Id*. The test requires consideration of contractual agreements between the parties, the nature and extent of restrictions on the employee's time, and surrounding circumstances. *Id*. "Periods during which an employee is completely relieved from duty and which are long enough to enable him to use the time effectively for his own purposes are not hours worked." 29 C.F.R. § 785.16. Whether a certain set of facts and circumstances constitutes work for purposes of the FLSA and FMLA is a question of law. *Rivero v. United Airlines, Inc.*, 2005 WL 3159244 (N.D. Ill. Nov. 22, 2005) (citing *Birdwell v. City of Gadsden*, 970 F.2d 802, 807 (11th Cir. 1992)).

Time the engineers spend in OK status near away from home terminals is similar to time other workers spend "on call." In *Dinges*, the Seventh Circuit addressed whether hours spent by emergency medical technicians ("EMTs") "on call" should be treated as work. *Dinges v. Sacred Heart St. Mary's Hospitals*, 164 F.3d 1056 (1999). In considering this issue, "it is best to ask what the employee can do during on-call periods. Can the time by devoted to the ordinary activities of private life? If so, it is not 'work'." *Dinges*, 164 F.3d at 1057. If called, the EMTs in *Dinges* were required to arrive at the hospital within 7 minutes of receiving a page. While on-call the EMTs could not consume alcohol, engage in activities that interfered with hearing their pagers (i.e. using a power lawn mover, snowmobiling, attending concerts, and swimming), or travel more than 7 minutes away from the hospital. *Id*. Activities the EMTs could do while on

5

call included cooking, eating, sleeping, reading, exercising, watching TV and movies, housework, and caring for loved ones and pets. *Id*. The EMT's on-call time was not work under the FLSA. *Id*. at 1059. The EMT's could use their time for many personal pursuits and, thus were not at "work" while on call. *Id*. at 1058. Another relevant factor was the contractual agreement between the EMTs and the hospital. The Seventh Circuit held that in close cases, courts should not disturb private contractual arrangements because doing so "has the potential to make everyone worse off." *Id*. at 1059.

The fact pattern in *Rich v. Delta Air Lines, Inc*. is very similar to the facts in the instant case. 921 F. Supp. 767 (N.D. Ga., 1996). In *Rich*, a flight attendant unsuccessfully argued that the time she spent away from home during layovers should be considered hours worked under the FLSA and FMLA. *Id*. Although the flight attendant was away from home and unable to care for loved ones and pets, the hours she spent during layovers were not considered work. *Id*. at 777. On layovers, she was able to, among other things, shop, attend concerts, dine, read, sleep, and exercise. *Id*. at 776. Even though she could not drink, she was required to abide by the airlines' standards of conduct, and had to be available for duty if given reasonable notice, a district court in Georgia found that those requirements did not severely restrict her time. *Id*. at 777.

The restrictions Union Pacific places on the engineers' time while they are near away from home terminals is similar, and at times less restrictive, than the limits placed on the EMTs and flight attendants in *Dinges* and *Rich*. While near the away from home terminals, the engineers can eat, sleep, golf, fish, boat, exercise, shop, go to the movies, and visit friends. They can travel an hour and a half away from their assigned terminal and can monitor the train lineup system for more advanced warning about when they might be called into duty.

6

BLET's argument that engineers are working while near the away from home terminals because they can be disciplined for certain behavior and they should use some of their time to rest in preparation for their next call to duty is not persuasive. Many employees in various types of jobs are subject to codes of conduct while both on and off duty. Teachers are one of many examples. Some teachers are required to exhibit a level of discretion and adhere to a code of conduct while out in the communities where they teach and can be disciplined for failure to adhere to that code. However, being subject to a code of conduct while outside the walls of the schools were they teach, does not mean teachers are considered "working" while they are out to dinner and grocery shopping in their communities. As noted above, neither party supplied the court with a copy of the engineers' code of conduct. Nevertheless, the Court cannot envision a code that would so severely restrict the engineers' conduct that their time spent near away from home terminals should be considered "work" under the FLSA.

Union Pacific's expectation that engineers be rested when they report for duty is a universal expectation for any worker. The Court cannot think of a single employee, in any type of profession or job, who is not expected to use some of his/her time outside of work to rest/sleep in preparation for the next time that employee is expected to report for work. The expectation that employees report to work rested and able to perform their duties is not unique to the railroad industry and does not constitute such a severe restriction on the engineers' free time that the time should be considered "work."

The engineers chose a job that they knew would require travel away from home and an irregular work schedule. They are also operating under a negotiated collective bargaining agreement that they agreed to, through their union representatives. Similar to *Dinges*, this Court

is hesitant to disturb the collective bargaining agreement. More importantly, the limitations Union Pacific places on the engineers' time while they are near away from home terminals in not so restrictive that the time should be considered work. Therefore, judgment on this issue is entered in favor of Union Pacific and against the BLET.

Union Pacific has not set forth any specific basis to justify an award of attorneys' fees. Therefore, that request is denied. Union Pacific is a prevailing party and may file a petition for an award of its costs on that basis.

### III. Conclusion

For the above reasons, Union Pacific's motion is granted in part and BLET's motion is denied. The time engineers spend in OK status near away from home terminals is not work under the FLSA or FMLA. Union Pacific is a prevailing party and may be entitled to an award of costs. Union Pacific's request for attorneys' fees is denied.

**ORDERED**: Defendant's motion for summary judgment on plaintiff's second amended complaint [45] is granted in part. Plaintiff's cross-motion for summary judgment [47] is denied. Judgment is entered in favor of defendant. Defendant is a prevailing party and is entitled to reimbursement of its costs as provided for by applicable federal and local rules. Defendant has not provided the Court with any basis for awarding attorneys' fees. Therefore that request is

denied. All pending matters having been resolved, this civil case is terminated and judgment is entered in favor of defendant. It is so ordered.

E N T E R:

*[signature: George W. Lindberg]*

George W. Lindberg
SENIOR U.S. DISTRICT JUDGE

DATED: September 15, 2009